**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| *In re: Lyft, Inc., Passenger Sexual Assault Litigation* )<br>)<br>) | MDL Docket No. 3171 |

**INTERESTED PARTY RESPONSE IN OPPOSITION LYFT, INC.'S MOTION
TO CLOSE MDL 3171 OR CONTINUE THE JANUARY 29 HEARING AND
MOTION TO SUBSTITUTE AS MOVANTS**

Interested Party Plaintiffs and Respondents Tabitha Means, Laurie Spano, and Meribeth Stencel ("Respondents") respectfully oppose J.E.'s motion to withdraw her petition and Lyft, Inc.'s Cross Motion to Close MDL 3171 or, in the Alternative, to Continue the January 29, 2026 Hearing. Respondents continue to support consolidation and transfer to the Northern District of California before the Honorable Charles R. Breyer. They are prepared to proceed with Thursday's hearing and respectfully request the Panel's leave to substitute as Movants. Delay will not serve the ends of justice.

## BACKGROUND

On October 6, 2025, Plaintiff J.E. ("Original Movant") petitioned for consolidation in the Northern District of California before Judge Breyer or, in the alternative, the Western District of Washington. Doc. 1. At that time, there were 17 actions filed by various law firms and pending in 10 judicial districts. *Id*.

On November 10, Respondents joined the Original Movant's petition for consolidation in the Northern District of California before Judge Breyer, incorporating its arguments in support. Doc. 27. Respondent Jane Doe 1 echoed that response. Doc. 28. Respondent A.D. likewise indicated her support for consolidation

in the Northern District of California, proposing the District of Massachusetts in the alternative. Doc. 26. Lyft, Inc. opposed consolidation. Doc. 29.

The Panel closed the briefing on November 18, Doc. 31, and, on December 19, set this matter for hearing at the January 29 sitting, Doc. 36.

On December 23, Original Movant filed her notice of presentation of oral argument. Doc. 39. Given their support of Original Movant's position, Respondents initially waived oral argument. Doc. 41.[1] Other Plaintiff Respondents noticed their intention to present oral argument. Docs. 40 and 46. Notices of related actions were filed in December and into January. Docs. 32, 33, and 51.

Late yesterday, J.E. moved to withdraw her petition. Doc. 52. Lyft then moved to close the proceeding or, in the alternative, to continue the hearing. Doc. 53. In light of these unusual developments, Respondents seek leave to step into the Original Movant's shoes to proceed with the petition and oppose Lyft's request to close this proceeding or delay the Panel hearing set for Thursday.

**ARGUMENT**

The docket reflects that in the three months since this proceeding began, five additional cases have been filed. The Original Movant's apparent resolution of her claims[2] brings the total actions pending from 22 to 21.

---

[1] Contemporaneous with this filing, Respondents submit their counsel's notice of presentation of oral argument.

[2] In its response and cross motion, Lyft makes a parenthetical reference to "Plaintiff's counsel" having "no other unresolved cases that would be relevant to this action." Doc. 53. From these subtle breadcrumbs, Respondents glean Lyft resolved not just the Original Movant's claims but the claims of other plaintiffs represented by her counsel.

The reasons for consolidation remain the same despite the Original Movant's request to withdraw her petition. The cases of survivors nationwide remain on hold pending the Panel's adjudication. There is no justification for closing this proceeding or delaying adjudication of the requested consolidation when interested litigants are ready and willing to proceed. Respondents' position remains unchanged. They are prepared to appear at the January 29, 2026 hearing to advocate for their interests.

The federal rules are intended "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. This guiding principle counsels against Lyft's effort here. If a defendant opposing consolidation could moot the entire proceeding by resolving the movant's claims, it would encourage gamesmanship rather than the orderly proceedings the rules mandate.

Ms. Means, Ms. Spano, and Ms. Stencel respectfully request that the Panel permit them to proceed as Substitute Movants and proceed with Thursday's hearing.

| | |
|---|---|
| Dated: January 27, 2026 | Respectfully submitted, |

/s/ Ashlie Case Sletvold
Ashlie Case Sletvold
Kevin P. Conway
**PEIFFER WOLF CARR KANE
   CONWAY & WISE, LLP**
6370 SOM Center Road, Suite 108
Cleveland, Ohio 44139
(216) 589-9280
asletvold@peifferwolf.com
kconway@peifferwolf.com

Rachel B. Abrams
Adam B. Wolf
**PEIFFER WOLF CARR KANE
   CONWAY & WISE LLP**
555 Montgomery Street, Suite 820
San Francisco, California 94111
(415) 766-3545
rabrams@peifferwolf.com
awolf@peifferwolf.com

*Counsel for Interested Party Plaintiffs and Respondents Tabitha Means, Laurie Spano, and Meribeth Stencel*